# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:16-CR-00019-17 |
| v. | (Judge Brann) |
| CHANTEL MONET MCFARLIN | |
| Defendant. | |

## ORDER

### JULY 10, 2018

**BACKGROUND:**

Defendant Chantel Monet McFarlin was charged by criminal complaint [1] on January 21, 2016, and subsequently, by superseding indictment [2] on February 11, 2016. Defendant McFarlin was released on her personal recognizance with both standard and special conditions of release pursuant to 18 U.S.C. § 3142(c). The conditions set by Magistrate Judge William I. Arbuckle included, *inter alia*, a restriction that she not possess a firearm.[3]

Based on a violation report received from the United States Probation Office for the Middle District of Pennsylvania, the Government moved[4] to revoke Defendant McFarlin's pretrial release and requested that she be detained.

---

[1]  Docket Number 4:16-CR-0021.

[2]  In the above captioned matter.

[3]  Docket Number 4:16-CR-0021, ECF No. 21.

[4]  In the above captioned matter from this point forward in this Order. ECF No. 853.

Defendant McFarlin had been charged by the Philadelphia County, Pennsylvania District Attorney's Office of multiple offenses pertaining to an incident that occurred in the early morning hours of January 21, 2018. During that incident, witnesses observed Defendant McFarlin discharge a firearm.[5] In addition to these first hand observations, the owner of the bar that the witnesses and Defendant McFarlin had just left also heard the gun shots, corroborating the witnesses' first hand accounts. A City of Philadelphia Police Officer later reviewed security footage from the bar and observed Defendant McFarlin firing the gun. The Philadelphia police officer included his observations in the Affidavit of Probable Cause supplied to support an arrest warrant for Defendant McFarlin.

Magistrate Judge Arbuckle held a final revocation hearing on June 14, 2018, based on the allegations that Defendant McFarlin had violated the standard condition that she must not violate federal, state, or local law while on pretrial release, as well as the special condition that she not possess a firearm. The Government proceeded by way of proffer, and offered the affidavit of probable cause as its evidence that Defendant McFarlin should remain detained. Based on the affidavit, Magistrate Judge Arbuckle found that Defendant McFarlin had violated the terms of her pretrial release and ordered that she remain detained pending a final revocation hearing.

---

[5] The charges have since been dismissed for the failure of the attesting officer to appear. However, the Commonwealth of Pennsylvania maintains the right to refile the charges.

On June 19, 2018, Defendant McFarlin filed a motion to revoke the detention order and an attendant supporting brief. The Government has since filed a reply brief. I have conducted a *de novo* review of the magistrate judge's hearing. I will deny Defendant's motion; I find that detention is proper here.

Defendant McFarlin argues that Magistrate Judge Arbuckle abused his discretion by "(1) allowing the Government to proceed by proffer (2) allowing the Government to support its motion solely on the basis of hearsay which denied Defendant her right of confrontation (3) failing to require the Government to show good cause for the hearsay declarant's absence."[6] Although divided into three parts, like Caesar's Gaul, the argument is essentially a solitary one that can be distilled accordingly: Defendant McFarlin asserts that the Government should have brought the Philadelphia police officer to testify personally at her detention hearing.

While I do not completely disagree with Defendant's argument, as contested revocation hearings often include some sort of live witness testimony, often from the probation officer who filed the report, I conclude that Magistrate Judge Arbuckle did not err by allowing proffered testimony.

Defendant McFarlin argues that 18 U.S.C. § 3142(f)(2)(B) provides "the right to proceed by way of proffer in a revocation hearing is afforded only to the

---

[6] ECF No. 957 at 3.

Defendant."[7] That section of the statute does indeed refer to proceeding by proffer in terms of the Defendant: "The person [i.e. Defendant] shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise." Admittedly, the statute does not explicitly state that the Government may proceed by proffer; however, neither does it explicitly limit the Government's ability to do so, as the Defendant suggests.

"Although § 3142(f) entitles Defendant to 'cross-examine witnesses who appear at the hearing,' there is no requirement in the statute that the Government must present live testimony."[8] "As with § 3142(f), while [Federal Rule of Criminal Procedure] Rule 5.1(e) makes clear that a defendant generally has the right to cross examine adverse witnesses, there is no requirement in the Rule that the Government must proceed by live testimony."[9] As the Honorable Wilma A. Lewis, Chief Judge of the District Court of the Virgin Islands, aptly stated, "[i]n sum, nothing in the text of § 3142(f) or Rule 5.1(e) directly supports Defendant's legal argument that reliance on the Affidavit to establish probable cause was necessarily insufficient."[10]

---

[7] ECF No. 958 at 2 (emphasis omitted).

[8] *United States v. Matthias*, No. CR 2016-0025, 2017 WL 1536430, at *5 (D.V.I. Apr. 27, 2017) *citing* 3142(f).

[9] *Id.*

[10] *Id.*

Moreover, the statute in question does permit the Government to proceed even if presenting hearsay evidence. "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing."[11] I find that after *de novo* review, Magistrate Judge Arbuckle did not violate his "his duty to require more when tendered hearsay evidence."[12]

In sum, I find that there was a sufficient basis for the magistrate judge to have found that Defendant McFarlin should no longer receive the benefit of pretrial release as she poses both a risk of flight and a danger to the community in such a way that no condition or combination of conditions may protect against.

**AND NOW**, **IT IS HEREBY ORDERED** that Defendant Chantel Monet McFarlin's Motion to Revoke Detention Order, June 19, 2018, ECF No. 957, is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[11] 18 U.S.C. § 3142.

[12] *United States v. Accetturo*, 783 F.2d 382, 389 (3d Cir. 1986)